IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br>**YESENIA VILLALOBOS aka**<br>**Ysenia Villalobos,**<br>        Debtor(s), | Case No. 16-11977SAH<br>(Chapter 7) |
| **GINGER D. GODDARD, Chapter 7**<br>Trustee of the Bankruptcy Estate of<br>**YESENIA VILLALOBOS aka**<br>**Ysenia Villalobos,**<br>        Plaintiff,<br>vs.<br>**CARLOS VAGLIENTY,**<br>        Defendant, | Adv. Proc. No. 16-01122SAH |

**AMENDED COMPLAINT TO AVOID POST-PETITION TRANSFER AND FOR TURNOVER OF PROPERTY OF THE ESTATE OR ITS VALUE**

COMES NOW the Trustee, GINGER D. GODDARD, and for her causes of action against the Defendant, alleges and states:

**Jurisdiction and Venue**

1.    Plaintiff, GINGER D. GODDARD (hereinafter, "Trustee,"), is the duly appointed, qualified, and acting trustee of the bankruptcy estate of the above-named Debtor, Yesenia Villalobos aka Ysenia Villalobos ("Debtor").

2.    Carlos Vaglienty ("Defendant") is an individual whose address is 8801 S. Sunnylane Road, Oklahoma City OK 73135.  Upon information and belief, Defendant may be served at this address.

3.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. §157 and §1334. This is a core proceeding under 28 U.S.C. §§157(b), and is authorized by Bankruptcy Rule 7001, FED. R. BANKR. PROC., in that the causes stated herein are:

(a)  To Avoid Post-Petition Transfer of Interest of Property, 11 U.S.C. §549, Rule 7001(2);

(b)  To Avoid Transfer of Interest of Property, 11 U.S.C. §544;

(c) To Recover Property of the Estate, 11 U.S.C. §542, Rule 7001(1);

(d) To Recover Money Judgment, 11 U.S.C. §550.

4. Pursuant to Bankruptcy Rule 7008, FED. R. BANKR. PROC., Trustee, pleader herein, consents to entry of final orders or judgment by the Bankruptcy Court.

5. To the extent that the Trustee's claims or causes of action are non-core, the parties consent to adjudication by the Bankruptcy Court.

6. Venue is proper pursuant to 28 U.S.C. §§1408, 1409.

7. The Debtor(s) filed the Chapter 7 petition in the United States Bankruptcy Court for the Western District of Oklahoma, on May 20 2016.  *In re Yesenia Villalobos*, Case No. 16-11977.  This adversary proceeding arises thereunder.

## Operative Facts

8. Each and every allegation hereinbefore made is adopted and re-alleged, and incorporated by reference.

9. Among the assets of the bankruptcy estate is the following described vehicle: **2012 Nissan Altima, VIN 1N4AL2AP0CN439795** ("Vehicle").

10. The Debtor listed Defendant as a Secured Creditor as to the Vehicle.

11. The Trustee believes that the Vehicle was purchased on December 7 2015.

12. The Debtor testified at her creditor meeting that she was not given the title to the Vehicle by Defendant.

13. Defendant attempted to perfect a security interest in the Vehicle by the filing of a Lien Entry Form with the State of Oklahoma on June 13 2016. June 13

2016 was more than twenty-five (25) days after the purchase and more than two months after the filing of the Debtor's bankruptcy case.

### Count I – To Avoid a Post-Petition Transfer, 11 U.S.C. §549(a), Rule 7001(2)

14. Each and every allegation hereinbefore made is adopted and re-alleged, and incorporated by reference.

15. Any security interest in the Vehicle which the Defendant attempts to assert was not timely perfected under Oklahoma law as Defendant failed to perfect any security interest it may have had within 25 days. See Title 47. Motor Vehicles. 47 O.S. 1110(A)(2).

16. As Defendant's security interest was not timely perfected under Oklahoma law and was not perfected on the date of the filing of the bankruptcy, the lien is avoidable pursuant to 11 US.C. §549.

17. The filing of the Lien Entry Form was a transfer of an interest of the Debtor in property pursuant to 11 U.S.C. § 101(54), which was made after the filing of this bankruptcy proceeding.

18. The filing of the Lien Entry Form was not authorized by Title 11 of the United States Code, or by the Court.

WHEREFORE, Ginger D. Goddard, Trustee, respectfully prays that the Court enter an Order avoiding the lien of Carlos Vaglienty on the **2012 Nissan Altima, VIN 1N4AL2AP0CN439795** and enter judgment in favor of the bankruptcy estate avoiding said lien; that she recover interest at judgment rate from the date of judgment until paid, plus reasonable costs and attorney fees; and for all other and further relief as is just and equitable.

**Count II – To Avoid Transfer of Interest of Property, 11 U.S.C. §544(a)**

19. Each and every allegation hereinbefore made is adopted and re-alleged, and incorporated by reference. The Trustee, as a hypothetical judicial lien creditor, may avoid any interest obtained by Defendant in the Vehicle.

20. Any claimed interest of Defendant should be declared void.

WHEREFORE, Trustee prays that the interest of the Carlos Vaglienty be avoided and granting the Trustee a money judgment against Carlos Vaglienty for reasonable costs and attorney fees; and for all other and further relief as is just and equitable.

**Count III – To Avoid Transfer of Interest in Property, 11 U.S.C. §544(b)**

21. Each and every allegation hereinbefore made is adopted and re-alleged, and incorporated by reference.

22. More than two months after the commencement of this case, the Defendant attempted to perfect a security interest in the Vehicle.

23. There are general unsecured creditors of this estate holding an allowable claim under 11 U.S.C. §502. Trustee is informed and believes and therefore alleges that such creditors were creditors at the time of the attempt to perfect a security interest in the Vehicle, and that the lien is voidable by creditors under the Uniform Fraudulent Transfer Act of the State of Oklahoma, 24 Oklahoma Stat. §112 et seq.

24. Pursuant to 11 U.S.C. §§544(b)(1), the Transfers are voidable by the Trustee.

WHEREFORE, Trustee prays that the interest of the Carlos Vaglienty be avoided and granting the Trustee a money judgment against Carlos Vaglienty for reasonable costs and attorney fees; and for all other and further relief as is just and equitable.

### Count IV – To Recover Property of the Estate, 11 U.S.C. §542, and/or its Value, 11 U.S.C. §550, Rule 7001(1)

25.     Each and every allegation hereinbefore made is adopted and re-alleged, and incorporated by reference.

26.     The Lien of Defendant on the Vehicle is avoidable by the Trustee.

27.     The Vehicle is property of the bankruptcy estate.

28.     Trustee may use, sell or lease the Vehicle pursuant to 11 U.S.C. §363.

29.     Debtor has surrendered possession of the Vehicle to Trustee for the benefit of the bankruptcy estate.

30.     Trustee is entitled to an Order of this Court allowing her to have possession of the Vehicle for the benefit of the bankruptcy estate free of the lien of the Defendant, and/or pursuant to 11 U.S.C.§550, a judgment and recovery equal to the value of the Vehicle of $9,000.00.

WHEREFORE, Ginger D. Goddard, Trustee, respectfully prays that the Court enter an Order that she is entitled to possession of the **2012 Nissan Altima, VIN 1N4AL2AP0CN439795** and/or granting the Trustee a money judgment against Carlos Vaglienty equal to the value of the Vehicle of $9,000.00, plus interest at judgment rate from the date of judgment until paid, plus reasonable costs and attorney fees; and for all other and further relief as is just and equitable.

### Count V – For Judgment that Defendant Violated the Automatic Stay, 11 U.S.C. §362

31.     Each and every allegation hereinbefore made is adopted and re-alleged, and incorporated by reference.

32.     By attempting to perfect a security interest in the Vehicle more than two months after the commencement of this case, the Defendant has violated the automatic stay provision of 11 U.S.C. §362.

WHEREFORE, Trustee prays that she have judgment declaring that the perfection of the lien on the **2012 Nissan Altima, VIN 1N4AL2AP0CN439795** by Carlos Vaglienty violates the automatic stay provision of 11 U.S.C. §362, and ordering Carlos Vaglienty to release said lien, and money judgment against Carlos Vaglienty for reasonable costs and attorney fees; and for all other and further relief as is just and equitable.

Respectfully submitted,

/s/ Ginger D. Goddard
**Ginger D. Goddard**, OBA 3416
224 West Gray Street, Suite 202
Norman, Oklahoma 73069
(405) 329-5297 fax 310-6379
gingergoddard@cox.net
Attorney for Trustee